UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERRICK L. WALKER, et al.                                                                      PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:12CV-338-S

AAUSTIN EXPRESS-KENTUCKY, LLC, et al.                                             DEFENDANTS

**MEMORANDUM OPINION**

    This matter is before the court on motion of the defendant, DHL Express (USA), Inc. ("DHL"), to dismiss the claims against it for failure to state a claim upon which relief may be granted and for failure to exhaust administrative remedies. DN 10.

    The plaintiffs, Errick L. Walker and Demetrius Johnson, filed suit in the Jefferson Circuit Court alleging violations of Title VII of the Civil Rights Act of 1964, the Kentucky Civil Rights Act, and 42 U.S.C. § 1981. The defendants removed the action to this court under our federal question jurisdiction. DHL has now moved to dismiss the action as to it.

    The complaint alleges that

> (1) DHL was the "alter ego" or "companion company" of co-defendant AAustin Express-Kentucky, LLC ("AAE") or was the "constructive employer" of the plaintiffs. Compl., ¶¶ 3, 4.
> 
> (2) During the course of his employment, plaintiff Walker suffered racial and sexual harassment from AAE and DHL management personnel, was demoted and eventually terminated because of his race and refusal to continue to engage in sexual behavior with DHL management personnel and was retaliated against for complaining about sexual misconduct. Compl., ¶¶ 6, 7.
> 
> (3) During his employment, Walker suffered a racially and sexually hostile work environment which resulted in his demotion and termination and the

> goal of AAE and DHL to rid its workforce of African American employees. Compl., ¶ 8.
>
> (4) During his employment, plaintiff Johnson was laid off and replaced by non-minorities for the purpose of cleansing AAE and DHL of African American employees. Compl., ¶ 9.

Recently, the United States Court of Appeals restated the standard for sufficient pleading of discrimination claims under *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), *quoting Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Keys,* 684 F.3d at 608, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court of Appeals further explained:

> ...[T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims. *HDC, LLC*, 675 F.3d at 612-13 (affirming dismissal of Fair Housing Act claim where alleged facts did not support plausible inference of intentional discrimination); *Pedreira*, 579 F.3d at 728 (affirming dismissal of religious discrimination claim where plaintiff failed to allege facts plausibly linking her termination to religious beliefs). Thus, although the Amended Complaint need not present "detailed factual allegations," it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 578, 679, that [the employer] "discriminate[d] against [the plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)(emphasis added); *see Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009)("[W]e review § 1981 claims under the same standard as Title VII claims."). According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied...[The] Amended Complaint tenders more than the "'naked

assertion[s]' devoid of 'further factual enhancement'" that *Twombly* and *Iqbal* prohibit.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

*Keys*, 684 F.3d at 610.

The plaintiffs clearly allege that they were employees of AAE.  However, Walker and Johnson state no facts in their complaint to support the conclusory allegation that DHL was an "alter ego" or "companion company" of AAE.  Nor are there any facts to support the conclusory allegation that DHL was the plaintiffs' "constructive employer."  Thus any theory of liability against DHL seeking to hold DHL accountable as an employer is wholly unsupported.

Additionally, the complaint contains no facts concerning purported civil rights violations against the plaintiffs.  There are no facts alleged concerning "racial and sexual harassment" (¶ 6), demotion and termination because of race or refusal to "continue to engage in sexual behavior" (¶ 7), "retaliation" for complaining about "sexual misconduct" (¶ 7), a "racially and sexually hostile environment" perpetuated by "management" and "subordinate or collateral personnel" (¶ 8), demotion and termination with "the goal...to rid its workforce of" or to "cleanse" AAE and DHL of African American employees (¶¶ 8, 9).  These are all wholly conclusory claims of wrongful conduct.  There is not a single specific fact offered concerning DHL's purported acts of sexual harassment, race or sex discrimination, or retaliation.  Rather, the plaintiffs would have the court take on faith that such wrongful conduct occurred.  This is the very essence of speculation; the "naked assertions" devoid of factual enhancement that are insufficient under the *Iqbal/Twombly* standard.

Finally, the complaint makes no mention of exhaustion of administrative remedies in the Complaint.  A timely filing of an EEOC claim and exhaustion of that remedy is required in Title VII actions.  *See Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989).

- 4 -

For these reasons, the motion of DHL to dismiss the claims against it must be granted. A separate order will be entered herein this date.

**IT IS SO ORDERED.**

November 8, 2012

**Charles R. Simpson III, Judge
United States District Court**