UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERRICK L. WALKER and                                                        PLAINTIFFS
DEMETRIUS JOHNSON


v.                                                                          NO. 3:12-CV-338-S


A AUSTIN EXPRESS-KENTUCKY, LLC and                                          DEFENDANTS
DHL EXPRESS (USA), INC.


## MEMORANDUM OPINION

This matter is before the court on motion of the Plaintiffs, Errick L. Walker and Demetrius Johnson, against the Defendants, A Austin Express-Kentucky, LLC ("AAE") and DHL Express (USA), Inc. ("DHL") (DN 22). The Plaintiffs move for leave to file a first amended complaint, and also request that the court set aside a November 8, 2012 order that dismissed DHL from the case (DN 22).

For the reasons set forth herein, the court will deny the Plaintiffs motions. Thus, DHL will remain dismissed from the case, the November 2012 order will remain in full force, and the plaintiffs will not be permitted to file an amended complaint.

## BACKGROUND

The plaintiffs, Walker and Johnson, filed suit in Jefferson Circuit Court alleging violations of Title VII of the Civil Rights Act of 1964, the Kentucky Civil Rights Act, and 42 U.S.C. § 1981 (DN 1). The defendants, AAE and DHL, removed the action to this court under our federal question jurisdiction. On November 8, 2012, we granted defendant DHL's motion to dismiss the action (DNs 18 and 19).

In the motion at issue here, the plaintiffs move for leave to amend their complaint and move to set aside our November 2012 order dismissing DHL as a defendant in the case.

## DISCUSSION

### I.  Plaintiffs' Motion for Leave to Amend Their Complaint Fails

Plaintiffs original complaint alleges (DN 1): (1) that both plaintiffs—Walker and Johnson—were formerly employed by co-defendant AAE; (2) that co-defendant DHL was the "alter ego" or "companion company" of AAE, or was the "constructive employer" of the plaintiffs; (3) that Walker, during the course of his employment, suffered racial and sexual harassment from AAE and DHL management personnel, was demoted, was eventually terminated because of his race and refusal to continue to engage in sexual behavior with DHL management personnel, and was retaliated against for complaining about sexual misconduct; (4) that Walker suffered a racially and sexually hostile work environment which resulted in his demotion and termination, and that the goal of AAE and DHL was to rid its workforce of African American employees; and (5) that Johnson, during the course of his employment, was laid off and replaced by non-minorities for the purpose of removing African American employees from AAE and DHL.

This court's November 8, 2012 opinion and order dismissed co-defendant DHL from the action (DN 18). We recognized that the plaintiffs' complaint alleged that they were employees of AAE. However, we dismissed DHL as a co-defendant pursuant to Fed. R. Civ. P. 12(b)(6) (DN 18). The Sixth Circuit's standard for pleadings requires that the "[fa]ctual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (*quoting Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555-57 (2007)); *see Ashcroft v. Iqbal,* 556 U.S. 662

(2009). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 608 (*quoting Iqbal*, 556 U.S. at 678)).

Our opinion correctly dismissed the claims against DHL for three reasons. First, the opinion stated that "Walker and Johnson state no facts in their complaint to support the conclusory allegation that DHL was an 'alter ego' or 'companion company' of AAE. Nor are there any facts to support the conclusory allegation that DHL was the plaintiffs' 'constructive employer.'" Thus, we held that any theory of liability against DHL seeking to hold DHL accountable as an employer was wholly unsupported.

Second, we held that the complaint failed to address whether or not the plaintiffs exhausted administrative remedies, which is required in Title VII actions. *See Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989).

Third, the complaint failed to state facts concerning the purported civil rights violations against the plaintiffs (DN 18):

> There are no facts alleged concerning 'racial and sexual harassment' demotion and termination because of race or refusal to 'continue to engage in sexual behavior,' 'retaliation' for complaining about 'sexual misconduct.' a 'racially and sexually hostile environment' perpetuated by 'management' and 'subordinate or collateral personnel,' demotion and termination with 'the goal...to rid its workforce of' or to 'cleanse' AAE and DHL of African American employees. These are all wholly conclusory claims of wrongful conduct. There is not a single specific fact offered concerning DHL's purported acts of sexual harassment, race or sex discrimination, or retaliation.

### A. Standard for Leave to Amend

Pursuant to Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." Denial may be appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon*, 420 F.3d at 613 (*citing Morse*, 290 F. 3d at 800)). "The power to permit parties to amend defects in pleadings . . . is a power to be exercised liberally, so that the real controversy between the litigants may be presented for determination." *Clay v. City of Louisville*, 3:10-CV-371-CRS, 2011 WL 6141122, *4 (W.D. Ky. Dec. 9, 2011) *reconsideration denied*, 3:10-CV-371-CRS, 2012 WL 3136657 (W.D. Ky. Aug. 1, 2012).

### B. The Proposed Amended Complaint Fails to State a Claim

A motion for leave to amend under Fed. R. Civ. P. 15(a) must state with particularity the grounds for the requested leave in accordance with Fed. R. Civ. P. 7(b), which requires that a motion "shall state with particularity the grounds therefor." *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (holding that "requested leave to amend in a single sentence without providing grounds" to support her request "did not state the grounds with particularity."). Like *Evans*, the plaintiffs' summarily request leave to amend, but they do not explain how the amendments would remedy the deficiencies that we identified in their original complaint that resulted in a Fed. R. Civ. P. 12b(6) dismissal. In other words, plaintiffs' proposed amended complaint does not fix the problems in the original complaint—failing to allege that DHL was their employer and failing to allege that they exhausted administrative remedies—nor do they allege that the amended complaint would protect the plaintiffs' rights any more than the original complaint. *See id.* (holding that "the district court did not abuse its discretion by denying [plaintiff's] first request for leave to amend her complaint because she failed to state the grounds for relief with particularity.").

Here, plaintiffs' original complaint against DHL was dismissed because the plaintiffs failed to adequately allege facts supporting their allegations that DHL was their employer, and

also because they failed to allege that they exhausted administrative remedies (DN 18). These issues remain unaddressed in plaintiffs' proposed amended complaint and motion for leave—as plaintiffs' grounds for amendment state (DN 22):

> The Amended Complaint attempts to at once be more poignant and communicate to DHL and Austin and articulate to the Court alleged facts and circumstances exceeding a prima facie demonstration of conduct and/or behavior clearly cognizable under so-called Civil Rights legislation aimed at addressing impermissible workplace behavior motivated by Race or Sex.

Thus, the plaintiffs' stated basis for amending their complaint fails to addresses the express grounds upon which the original complaint failed. DHL argues, and we agree, that the court should deny the plaintiffs request for leave to amend their complaint for failing to assert with particularity the grounds for granting the motion. *See Evans*, 434 F.3d at 853.

### C. The Requested Amendment is Futile

Plaintiffs cite Fed. R. Civ. P. 15(a) for the proposition that leave to amend "shall be freely given when justice so requires." Here, however, plaintiffs fail to identify how justice requires that leave should be granted. The Supreme Court has confirmed that the purpose of Fed. R. Civ. P. 15(a) is to assist the disposition of litigation on the merits of the case rather than have the pleadings become ends themselves. *See United States v. Hougham,* 364 U.S. 310, 317 (1960). In deciding whether to grant leave to amend, we evaluate factors such as evidence of undue delay, bad faith, dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing the amendment, or futility of the amendment. *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 613 (6th Cir. 2005) (*citing Morse v. McWhorter*, 290 F. 3d 795, 800 (6th Cir. 2002)).

In the "post-judgment context" the court "must also take into consideration the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'"

*Benzon*, 420 F.3d at 613; (*quoting Morse*, 290 F. 3d at 613)). "[T]he court must be particularly mindful of . . . the movant's explanation for failing to seek leave to amend prior to the entry of the judgment." *Id.*[1] A district court may deny leave to amend the complaint when the proposed amendment would be futile. *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006). An amendment is futile if it would not withstand a motion to dismiss. *Midkiff v. Adams Cnty. Reg'l Water Dist.,* 409 F.3d 758, 767 (6th Cir. 2005).

Here, the plaintiffs have not demonstrated any way that justice requires the court to grant them leave to file their first amended complaint. Plaintiffs even failed to take advantage of their opportunity to reply to DHL's counterarguments as plaintiffs did not file a reply brief.

Thus, the plaintiffs' requested amendment is futile with regard to reconsidering the dismissal of DHL because the amendment lacks sufficient facts to state a claim against DHL. The amendment is also futile with regard to plaintiffs' claims under Title VII, as it is silent as to the exhaustion of administrative remedies. The plaintiffs' amendment would be subject to the same grounds for dismissal that were successful in dismissing the original complaint.

A separate order will be entered in accordance with this opinion.

August 26, 2013

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] We evaluate the plaintiffs' motion in the post-judgment context because under Fed. R. Civ. P. 12(b)(6), our prior dismissal of DHL as a party (DN 18) is an adjudication on the merits. Such a dismissal is with prejudice absent language to the contrary, and here, there was no such language in our November 8, 2012 opinion or order (DNs 18 and 19).